ERNEST EARL OWENSBY v. ELIZABETH UPTON OWENSBY

No. 8327DC638

(Filed 15 May 1984)

**Divorce and Alimony § 27— divorce, alimony, custody and support proceeding— abuse of discretion in award of attorneys' fees**

The trial judge abused his discretion in awarding only $6,750 in attorneys' fees to defendant's attorneys for legal services rendered on behalf of defendant over a period of 15 months in a hotly contested divorce action where defendant's attorneys documented over 700 attorney hours and 86 paralegal hours of work.

Chief Judge VAUGHN dissenting.

APPEAL by defendant from *Hamrick, Judge.* Judgment entered 18 January 1983 in District Court, CLEVELAND County. Heard in the Court of Appeals 9 April 1984.

Plaintiff filed an action for divorce from bed and board, custody and absolute divorce. Defendant answered and counter-

claimed for alimony pendente lite, permanent alimony, child custody and support, divorce from bed and board and attorney fees. The case was vigorously contested.

Prior to the trial for alimony pendente lite, child custody and support, five depositions were taken and numerous motions and pleadings were filed by both parties. On 28 June 1982, the trial court granted to defendant custody of and support for the two minor children, temporary alimony and attorney fees of $2500 ("as partial payment" for services rendered "to this point on behalf of the wife and children"). Defendant was also ordered to vacate plaintiff's house. On 2 August 1982, the court order was amended to the extent that plaintiff was ordered to pay $1500 in attorney fees "for partial payment for the services . . . rendered to date in this case on behalf of the defendant in addition to the $2500 attorneys fees previously ordered," for a total of $4000 in attorneys' fees. On 22 November 1982, plaintiff was ordered to pay an additional $250 as attorneys' fees to defendant's attorneys.

Subsequent to the first trial and prior to the jury trial for divorce from bed and board and permanent alimony, additional pleadings were filed, depositions taken, and hearings held. On 18 January 1983, plaintiff was granted a divorce from bed and board from defendant and the court found that defendant was not entitled to alimony because she had committed adultery. At the conclusion of this trial, defendant's attorneys, members of a Charlotte law firm, filed an affidavit for attorneys' fees along with an itemized statement of time spent by defendant's attorneys. Attorney hours were billed at $75.00 per hour, and paralegal hours were billed at $35.00 per hour. After deducting the $4000 previously paid by plaintiff, defendant's affidavit showed a balance of $55,152.64 in attorneys' fees and costs incurred. The trial judge found that defendant was unemployed and had no immediate income and that plaintiff was "of sufficient financial means to defray counsel expenses for the lawsuit." The trial judge then recited factors which he considered in determining the amount of the fee (difficulty of questions of law, customary charges, etc.) and awarded an additional sum of $2500 as a "reasonable fee" to defendant's attorneys. Thus, a total of $6,750 in attorneys' fees were awarded to defendant's attorneys.

Defendant appeals from the court orders awarding attorney fees.

*Murchison, Guthrie & Davis, by Dennis L. Guthrie and K. Neal Davis, for defendant-appellant.*

*Hamrick, Mauney, Flowers, Martin & Deaton, by Fred A. Flowers, for plaintiff-appellee.*

EAGLES, Judge.

Defendant assigns as error an abuse of discretion in the trial judge's award of $6,750 in attorneys' fees to defendant's attorneys for legal services rendered on behalf of defendant throughout all stages of this litigation. We agree that the trial judge erred.

Our Supreme Court has declared that, in alimony cases, "the guiding principle behind the allowance of counsel fees is to enable the dependent spouse, as litigant, to meet the supporting spouse, as litigant, on substantially even terms by making it possible for the dependent spouse to employ adequate and suitable legal representation." *Clark v. Clark,* 301 N.C. 123, 136, 271 S.E. 2d 58, 67 (1980). In determining the proper amount of counsel fees to be awarded, the trial court is under an obligation to consider "the nature and worth of the services rendered, the magnitude of the task imposed upon counsel, and reasonable consideration for the parties' respective conditions and financial circumstances." *Id.* On appeal, the issue is whether, upon consideration of all these circumstances, the amount of counsel fees awarded was "so unreasonable as to constitute an abuse of discretion." *Id.*

The facts before the court here included: a sworn affidavit by defendant's attorneys that their normal charges were $75.00 per hour for attorney services and $35.00 per hour for paralegal services; a sworn affidavit by another Charlotte attorney that his customary charge in domestic cases was between $60.00 and $120.00 per hour; a detailed accounting of time expended by defendant's attorneys and their paralegals between 18 September 1981 and 14 January 1983 (totalling 711 attorney hours and 86.7 paralegal hours); a detailed accounting of out-of-pocket costs (filing fees, deposition fees, etc.) advanced by defendant's attorneys in excess of $2790.00; the fact that the litigation was vigorously contested and spanned 15 months; and the fact that plaintiff's net

worth was over $2 million while defendant had no income and no substantial assets.

The court here concluded "as a matter of law that defendant is entitled to have reasonable counsel fees to be set by the Court; that the plaintiff has the ability to pay the amount set; and the attorneys for the defendant have rendered valuable services so as to be entitled to receive a fee, and the fee hereafter awarded is justified." The court then recited that it considered, *inter alia,* the time and labor spent by defendant's attorneys, the customary charge for similar services, the amount involved in the controversy, the cost of overhead in practicing law in Mecklenburg County, and the previous sums awarded as attorneys' fees to defendant.

Reasonable attorneys' fees must be available to dependent spouses in domestic cases because, as our Supreme Court has noted:

> The ends of justice require that both sides of a controversy such as this be fully explored and presented to judge and jury before decision is made. Defendant was, and is, entitled to adequate representation. Such representation, under the circumstances disclosed here, is not always readily available to a wife. Many attorneys are reluctant to take domestic relations cases under any circumstances, for the demand which a bitterly contested divorce and custody case make upon the lawyers involved are time-consuming, strenuous, and tension-creating. This is more especially true of the demands which the penniless wife makes upon the time of her attorneys, for her dependence upon them is absolute. There are few lawyers who would be willing, or could afford, to take her case without the expectation of receiving adequate compensation in the end.

*Stanback v. Stanback,* 270 N.C. 497, 509, 155 S.E. 2d 221, 230 (1967).

We note that, after out-of-pocket costs advanced by defendant's attorneys of more than $2,790.00 are deducted from the total $6,750.00 attorneys' fee award, the trial judge here effectively awarded only $3,960.00 for the time and services rendered by defendant's attorneys over a period of 15 months in a hotly contested divorce action where defendant's attorneys documented

over 700 attorney hours and 86 paralegal hours of work. The inadequacy of such a fee shocks the conscience, especially in the face of the great disparity in financial positions between the supporting spouse (with a net worth of $2.3 million) and the dependent spouse (with no income and no substantial assets). The trial judge's conclusion of law here (that defendant's attorneys were entitled to a reasonable fee, etc.) was correct and consistent with the findings of fact. However, in the face of the well-documented evidence of the nature and worth of the services rendered, the magnitude of the task imposed upon counsel, and the financial positions of the respective spouses, we hold that an award of $6,750.00 was not a "reasonable fee" and was, in fact, so unreasonable as to constitute an abuse of discretion.

Remand for new hearing on attorneys' fees.

Judge BRASWELL concurs.

Chief Judge VAUGHN dissents.

Chief Judge VAUGHN dissenting.

The amount to be awarded as attorney fees is within the sound discretion of the trial judge and is unappealable except for abuse of discretion. I cannot say that the amount awarded is so unreasonable as to constitute an abuse of discretion by Judge Hamrick. The judge made numerous findings of fact to which there is not a single exception. The majority refers to "facts" before the court. I must point out, however, that the matters recited by the court are not facts but only evidence tending to show facts. The court did not find them to be facts. The court made no findings as to the time and expense reasonably necessary in the defense of the action. Although defendant was entitled to meet plaintiff on equal terms, there is nothing in the record before us to distinguish this case from any other District Court domestic case except that plaintiff is a wealthy man. There is not a single exception to the Court's failure to find any fact except its failure to find that the reasonable value of the legal services performed was $55,152.64. Where there are no exceptions to the findings of fact, the only question presented is whether the fact found supports the conclusions recorded by the court. Most

likely, the judge not only considered the time spent on the case but also considered what he thought was reasonably necessary to have been spent. The jury found against defendant on every issue including findings that she committed adultery and offered such indignities to plaintiff as to render his condition intolerable. Certainly, the merits of a defendant's cause is a factor the trial judge should consider, even though plaintiff is a wealthy man. The statute authorizing attorney fees was not designed to encourage litigation or generate a multitude of pleadings and discovery.

If we are to go behind the court's findings of fact, which an appellate court should not do in the absence of an appropriate exception, I must note that some of counsel's time is billed for a study of the equitable distribution laws. It may be that the trial judge gave some consideration to what might be coming to defendant from that source. I also note that an unusual amount of time billed appears to be for talking with the defendant. As all attorneys who are familiar with domestic relations cases know, clients in those cases will talk to you all day and most of the night if the attorney lets them and it isn't costing them anything.

It may well be that, as a trial judge, I would have taxed plaintiff with a higher fee. It may be that the next trial judge will award more. I do not believe, however, that an appellate court should continue to remand the case until some trial judge sets a fee that suits our fancy.

On the record before me I can't say that the judge abused his discretion. I, therefore, vote to affirm.